## The State v. White, Appellant.

### Division Two, November 14, 1899.

Continuance: DISCRETION OF COURT. The judgment will not be reversed on account of the trial court's refusal to grant the defendant a continuance, if there is no evidence that the court abused its discretion in refusing to grant a continuance or a new trial. And where the material ground stated in the application for a continuance is that a witness who could not be found would swear that the appellant's co-defendant was not near enough to the person robbed to take money from him on the night in question, and the affidavit of such witness filed in support of the motion for new trial clearly shows that the appellant was in such close proximity to the person robbed, the trial court did not abuse its discretion in refusing appellant a new trial, although it granted the motion as to her co-defendant.

*Appeal from St. Louis City Circuit Court.*—Hon. William Zachritz, Judge.

AFFIRMED.

Charles T. Noland for appellant.

The granting or refusal of a continuance is a question which is left to the discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion by the trial court, unless it appears from the record that such court has acted arbitrarily and abused the discretion allowed to it, and has thereby injured the defendant in some material way in making his defense. But when an appellate court is convinced, by an examination of the record, that the trial court has, by refusing to grant a continuance properly applied for, deprived the accused of some substantial right in the making of his defense, and has abused the discretion reposed in it, then the appellate court will not hesitate to reverse the judgment against defendant rendered by the trial court.

State v. Maddox, 117 Mo. 667; State v. Bradley, 90 Mo. 160; State v. Loe, 98 Mo. 612; State v. Klinger, 43 Mo. 130; State v. Wood, 68 Mo. 444; State v. Maguire, 69 Mo. 197; State v. Anderson, 96 Mo. 250.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

An examination of the application for a continuance shows that no error was committed by the trial court and that no abuse of its judgment or discretion was indulged in to the least extent.

GANTT, P. J.—The defendant was indicted in the circuit court of the city of St Louis at the February term, 1898, together with one Maggie Raymond, for grand larceny in stealing, taking and carrying away forty-five dollars, the money of Michael Canivan. She was duly arraigned at the March term, 1898, of said court and at the April term was tried and convicted.

The sole error insisted upon in this court is the refusal of the circuit court to grant a continuance on account of the absence of one William Decker. A subpoena had been issued and left at Decker's house on the day before the trial, but he says he did not get it. The court ordered a new subpoena for Decker who was a well known man in the city, but the sheriff did not find him. The court declined to delay the trial.

The facts which defendants expected to prove by the absent witness were that Maggie Raymond, the codefendant "was not near enough to Michael Canivan, the prosecuting witness, to take any money from him on the night in question, and that she did not take any money or property from the said M. Canivan on said night."

In his affidavit in support of the motion for new trial Decker swears that he saw Canivan and Mamie White, the defendant, talking together at the entrance to No. 105 N. 8th

street, but could not hear their conversation. Maggie Raymond came down the steps with another man and passed Canivan and Mamie White in said entrance. Maggie Raymond did not place her arms around the neck of said Canivan, or say to him "take me, I am thin." She did not stop.

The circuit court granted Maggie Raymond a new trial, but refused it to the defendant, Mamie White.

It will be observed that the proposed evidence does not purport to show that Mamie White was not close enough to steal Canivan's money as he swears she did. Indeed it corroborates the State's case that she was in close proximity to the prosecuting witness. Moreover it shows that Maggie Raymond came down the stairs at the same entrance which defendant and White were talking, and was thus close enough to have taken part in the larceny. Thus the only material fact alleged in the motion for a continuance, to wit, that Maggie Raymond was not close enough to Canivan to take his money, is disproved by Decker's affidavit. Canivan did not swear Maggie Raymond took his money. He testified that the defendant took it.

The trial court heard the trial, and we find no evidence of abuse in his discretion in his refusal to grant a continuance or new trial to defendant.

The judgment is affirmed. BURGESS, J., concurs; SHERWOOD, J., absent.